**Hon. Sharron E. ANGLE, et al., Plaintiffs,**

v.

**The LEGISLATURE OF THE STATE OF NEVADA, et al., Defendants.**

No. CV–N–03–0371.

United States District Court, D. Nevada.

July 18, 2003.

Jeffrey A. Dickerson, Reno, John C. Eastman, c/o Chapman Univ. School of Law, Orange, CA, Erik S. Jaffe, Washington, D.C., for Plaintiffs.

Brian E. Sandoval, Nevada Attorney General, Jeff Parker, Solicitor General, Richard C. Linstrom, Assistant Solicitor General, William L. Keane, Bradley A.

Wilkinson, Legislative Counsel Bureau, Carson City, for Defendants.

Before PRO, Chief Judge, and McKIBBEN, HAGEN, HUNT, DAWSON, HICKS, and MAHAN, Judges.

## OPINION

### PER CURIAM.

Before the court is plaintiffs' motion for preliminary injunction. This action arises from the failure of the Nevada Legislature, within the time limits set by the Governor, to approve and fund a balanced budget and to appropriate funds for public education for the 2003–2005 biennium. Upon petition of the Governor, the Nevada Supreme Court issued a Writ of Mandamus which interpreted the Nevada Constitution in a manner that allowed the Legislature to pass a tax increase without the constitutionally mandated two-thirds majority and then ordered lawmakers to proceed under that interpretation. When the Assembly thereafter passed the tax bill, SB 6, by a simple majority, plaintiffs filed for relief in this court.

### I. *Factual Background*

After Nevada voters twice approved by initiative a requirement that any tax increase be passed by a two-thirds majority vote in the Legislature, the Nevada Constitution was amended in 1996 to so provide. Now, Article 4, § 18(2) requires a two-thirds vote of each House "to pass a bill or joint resolution which creates, generates, or increases any public revenue in any form, including but not limited to taxes . . . ." This differs from the simple majority provision required to pass other bills or joint resolutions. *See* Article 4, § 18(1). Article 11 of the Nevada Constitution instructs the Legislature to provide funding for the support and maintenance of the state's public schools.

Nevada's 2004 fiscal year began on July 1, 2003, but the Nevada Legislature did not as of that date, and has not yet, appropriated funds to support and maintain Nevada's budget for the 2003–2005 biennium. As a result, on July 1, 2003, the Governor of the State of Nevada petitioned the Nevada Supreme Court for a Writ of Mandamus declaring the Nevada Legislature to be in violation of the Nevada Constitution and compelling the Legislature to fulfill its constitutional duty to increase revenues to balance Nevada's budget for the biennium beginning July 1, 2003, and to fund public education during that fiscal period.

On July 10, 2003, the Supreme Court of Nevada issued an Opinion and Writ of Mandamus holding that the education requirements of Article 11 override the Article 4, § 18(2) provision that makes a two-thirds majority vote necessary to raise taxes. The Writ directed the Nevada Legislature "to proceed expeditiously with the 20th Special Session under simple majority rule." On July 13, 2003, consistent with the ruling of the Nevada Supreme Court, the Nevada Assembly passed SB 6, a tax increase measure, by vote of 26 in favor and 16 against, which was short of the two-thirds majority provided for by Article 4, § 18(2) of the Nevada Constitution.

On July 14, 2003, plaintiffs, consisting of members of the Nevada Legislature and Nevada voters and taxpayers, filed a complaint for injunctive, declaratory and legal relief under the Republican Guarantee Clause of Article IV of the United States Constitution, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and Title 42, United States Code, Sections 1983 and 1988. Named as defendants are several members of the Nevada Legislature, the Governor and Lieutenant Governor of the State of Nevada, and various Nevada government officials charged with implementing legislation enacted by

the Nevada Legislature, which could potentially include SB 6.

Plaintiffs seek a declaration from this court that passage of SB 6 without the two-thirds vote required by Article 4, § 18(2) of the Nevada Constitution diluted the votes of the Legislator Plaintiffs and diluted the representation to which the Non–Legislator Plaintiffs were entitled, in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment and the Republican Guarantee Clause. Plaintiffs also seek to enjoin the defendants from violating Article 4, § 18(2) and from giving effect to the action of the Nevada Assembly deeming SB 6 as "passed" without the two-thirds vote required by that provision of the Nevada Constitution.

Also on July 14, 2003, the plaintiffs filed an Emergency Application for Temporary Restraining Order and for an Order to Show Cause Re Preliminary Injunction preventing the defendants from violating Article 4, § 18(2) of the Nevada Constitution and from giving effect to the Assembly's action on July 13, 2003.

Anticipating that other actions would be filed in the District of Nevada[1] raising a similar challenge to the actions of the Nevada Legislature and the Nevada Supreme Court, the active district judges of the court determined it appropriate to consider the plaintiffs' Application for Injunctive Relief *en banc*. To preserve the status quo pending the *en banc* hearing, this court temporarily restrained the defendants from giving effect to SB 6 as "passed" without the two-thirds vote as required by Article 4, § 18(2) of the Nevada Constitution. This temporary injunctive relief did not otherwise limit the actions of the Nevada Legislature. On July 16, 2003, the court conducted an *en banc* hearing regarding Plaintiffs' Emergency Application for Preliminary Injunctive Relief.

## II. *Analysis*

### A. *Subject Matter Jurisdiction*

The United States Supreme Court has enunciated that "the jurisdiction possessed by the United States District Courts is strictly original" and that district courts have no power to declare that a judgment or ruling of a state supreme court violated provisions of the federal Constitution. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–417, 44 S.Ct. 149, 68 L.Ed. 362 (1923). What became known as the *Rooker–Feldman* doctrine was the result of an amplification of that decision in *District of Columbia Court of Appeals, et al. v. Feldman*, in which the Supreme Court emphatically pronounced that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court." 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In *Feldman*, the Supreme Court articulated this doctrine as follows:

> If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief], then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.

*Id.* at 483 n. 16, 103 S.Ct. 1303.

> United States District Courts … do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege

---

1. Two such actions have already been filed.

that the state court's action was unconstitutional.

*Id.* at 486, 103 S.Ct. 1303.

■ "*Rooker–Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state court judgments . . . ." *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003) (above quotes from *Feldman* at 483 n. 16 & 485, 103 S.Ct. 1303 omitted). In footnote 4 of that opinion, at page *9, the *Bianchi* court noted that,

> It is immaterial that Bianchi frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions. The *Rooker–Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of the state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principle.

As established by these authorities, a plaintiff in a United States District Court who was a party to the proceedings in state court confronts an unequivocal jurisdictional bar. *See id.* at 904–05.

### 1. Legislator Plaintiffs

■ Because the Legislator Plaintiffs were named respondents in the Writ, they were parties to the state court action and are precluded from proceeding in this court under the *Rooker–Feldman* doctrine. Indeed, they filed a counter-petition in the state supreme court, which was denied, and have the opportunity to seek reconsideration in that court. Moreover, the Legislator Plaintiffs' claims before this court are direct attacks on the Nevada Supreme Court decision. Because this court cannot grant the relief requested by the Legislator Plaintiffs without voiding the decision of the Nevada Supreme Court, subject matter jurisdiction to consider their claims is lacking. *See District of Columbia Court of Appeals, et al. v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The only federal court suitable to address those claims is the United States Supreme Court. *See* 28 U.S.C. § 1257.

### 2. Non–Legislator Plaintiffs

■ The reach of the *Rooker–Feldman* doctrine to the district court's jurisdiction over the litigants who were not parties to the state court action is less clear. Generally, a plaintiff in United States District Court who was not a party to the state court proceeding with which his current federal claims are inextricably intertwined is not within the ambit of the *Rooker–Feldman* doctrine unless that party directly attacks the state court judgment. *See Johnson v. DeGrandy,* 512 U.S. 997, 1005–1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). In *Johnson,* the Court concluded that jurisdiction existed in the lower federal court over the government's claims because it was not a party to the challenged state court proceedings and, importantly, was not directly attacking the state court judgment. *Id.*

In the instant case, although the Non–Legislator Plaintiffs were not parties to the underlying state court action, they do by their application for injunctive relief directly attack the Nevada Supreme Court's decision. This court can not provide the relief they request without passing judgment on the highest state court's interpretation of its own constitution. In this regard, the situation before us may be distinguishable from the one presented to the Supreme Court in *Johnson.* *See id.* Moreover, in *Rooker* itself, the case presented to the district court included two defendants who had not been parties to the state court litigation. *See* 263 U.S. 413, 414, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

The Legislator Plaintiffs have elected to join the Non–Legislator Plaintiffs in this action and have not sought a severance of their claims. At this stage, it is difficult to determine if they seek relief independent of each other. Under these circumstances, it is not clear that the Ninth Circuit cases holding that the court may have jurisdiction over a plaintiff who was not a party to the underlying state court action are applicable to a case such as this, which directly attacks the decision of the Nevada Supreme Court and has been artfully drafted to include parties who were not parties to the original state court proceedings. *See Bennett v. Yoshina,* 140 F.3d 1218, 1227 (9th Cir.1998).

 Clearly, the claims of the Non–Legislator Plaintiffs, which are identical to those of the Legislator Plaintiffs, constitute a direct attack on the decision of the Nevada Supreme Court. Thus, there remains a viable question whether the *Rooker–Feldman* doctrine should be extended to them as well. *See Johnson,* 512 U.S. at 1005–06, 114 S.Ct. 2647. Even if this court has jurisdiction over the Non–Legislator Plaintiffs, however, their claims cannot survive the requirements of Fed.R.Civ.P. 12(b)(6) because they do not state a claim against the defendants named in this action. Unless the Nevada Supreme Court's decision in *Guinn v. Legislature* is set aside, the defendants herein were in compliance with the law as mandated by the highest court of the State of Nevada, and the claims of the Non–Legislator Plaintiffs cannot succeed against them. Because we have decided this case on the foregoing grounds, we need not address the substantial issues of immunity and ripeness.

The dismissal should, however, be without prejudice to refile in the state courts of Nevada, or alternatively in this court, if in their new action, the Non–Legislator Plaintiffs do not include parties who were also parties to the original Nevada Supreme Court proceeding.

### III. *Conclusion*

**IT IS THEREFORE ORDERED** that this court's Temporary Restraining Order entered July 14, 2003 is dissolved, and the Legislator Plaintiffs' action is hereby dismissed for lack of subject matter jurisdiction. The claims of the Non–Legislator Plaintiffs are dismissed without prejudice.